UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TREEZ, INC., et al.,

           Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

           Defendants.

Case No. 22-cv-07027-RS   (TSH)

**ORDER GRANTING MOTION TO
COMPEL SUPPLEMENTATION OF
DEFENDANTS' CERTIFIED
ADMINISTRATIVE RECORD**

Re: Dkt. No. 38

## I.   INTRODUCTION

Plaintiffs Treez, Inc., and Ameya Pethe bring this suit under the Administrative Procedures Act ("APA"), alleging Defendants[1] wrongfully denied their H1-B visa petition.  Pending before the Court is Plaintiffs' motion for an order compelling Defendants to supplement the Administrative Record.  ECF No. 38.  Defendants filed an opposition and cross-motion for a protective order prohibiting extra-record discovery (ECF No. 41), Plaintiffs filed a reply (ECF No. 42), and Defendants filed a reply in support of their cross-motion (ECF No. 44).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 6, 2023 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.

## II.   BACKGROUND

Treez is an enterprise cloud commerce platform that provides software solutions for use by its customers, which include state-legal cannabis brands and retailers.  Compl. ¶ 8, ECF No. 1.  On

---

[1] Defendants are the United States Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"), USCIS Director Ur M. Jaddou, and Kristine R. Crandall as the Acting Director of the USCIS California Service Center.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  December 22, 2021, Treez petitioned USCIS for H-1B status for Ameya Pethe, a software

2  developer from India, to work as its Director of Development Operations while residing in the

3  state of Missouri.  *Id.* ¶¶ 20-21 & Ex. A (Treez's letter of support).  Although Defendants

4  approved Treez's petition on January 4, 2022, they later denied an amended petition to change the

5  location of Mr. Pethe's employment because "the services to be provided by the beneficiary will

6  aid or abet activities related to the manufacture, cultivation, distribution, or possession of

7  marijuana" and thus constitute illegal employment.  *Id.* ¶¶ 23, 25-29, 31 & Ex. B (approved

8  petition), Ex. F (denial order).

9          On November 9, 2022, Plaintiffs filed this suit for declaratory and injunctive relief,

10 alleging Defendants violated the APA by denying the amended petition, a decision which was

11 "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "in

12 excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  *Id.* ¶¶ 38-47

13 (citing 5 U.S.C. § 706(2)(A), (C)).  Plaintiffs allege Defendants "[f]ailed to explain or articulate

14 the reasons for departing from past precedent, including . . . other H-1B petitions for

15 nonimmigrants employed by companies that provide independent services to customers in the

16 state-legal cannabis industry," *id.* ¶ 45.b, and applied a new erroneous legal standard for H-1B

17 visas, *id.* ¶¶ 45.a, 45.c, 46.  Plaintiffs also allege Defendants failed to follow the APA's notice-

18 and-comment procedures, which they allegedly violated by enacting a new rule that substantially

19 diverted from past regulatory practices and requirements.  *Id*. ¶¶ 49-55 (citing 5 U.S.C. § 553).

20         On January 18, 2023, Defendants served a copy of the Administrative Record on Plaintiffs'

21 counsel, which included the primary petition materials previously exchanged between the parties.

22 Goldmark Decl. ¶ 3, ECF No. 38-1.  The next day, Plaintiffs demanded a supplementation,

23 contending the record was insufficient and requesting "(1) internal agency records, policies, and

24 communications relating to the H-1B denial here, and assessment and implementation of their

25 'illegality' determination; and (2) prior agency decisions on other H-1B petitions with employers

26 related to a state-legal cannabis business[.]"  *Id.* ¶ 4 & Ex. A at 1-2.

27         On February 21 Defendants supplemented the Administrative Record, which they filed

28 with the Court, but still omitted the requested documents.  ECF No. 34-2.  On March 9 Defendants

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

again supplemented the Administrative Record to include documents concerning other past H-1B

petitions filed by Treez, but still omitted internal deliberative materials and documents regarding

other similarly situated petitioners like Treez.  ECF No. 37.

On April 6 Defendants confirmed in email that they would not search their paper files or

STACKS system but that another system called ECHO could be searched by template.  Goldmark

Decl. ¶ 8 & Ex. B at 3-5.  Plaintiffs subsequently requested Defendants search their ECHO system

for relevant documents, a request which Defendants denied on April 13.  *Id.* ¶ 9 & Ex. B at 1-2

("Defendants maintain their previous objections to the production of documents related to

cannabis-related petitions" and "the position that the Administrative Record is complete and no

supplementation is necessary").

Plaintiffs filed the present motion on May 26, 2023.  They move for an order compelling

Defendants to supplement the Administrative Record to include (1) internal documents regarding

Defendants' adjudication of Plaintiffs' petition and (2) documents regarding past petitions

Defendants adjudicated for similarly situated petitioners.  In their cross-motion, Defendants argue

Plaintiffs have not satisfied their burden to have the record supplemented and the Court should

therefore issue a protective order prohibiting Plaintiffs from pursuing additional discover.

### III.   LEGAL STANDARD

"Generally, judicial review of agency action is limited to review of the record on which the

administrative decision was based."  *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th

Cir. 1989).  "Motions to complete the Administrative Record may be granted where the agency

fails to submit the 'whole record.'"  *Ctr. for Envtl. Health v. Perdue*, 2019 WL 3852493, at *2

(N.D. Cal. May 6, 2019) (citing 5 U.S.C. § 706) (("the court shall review the whole record or

those parts of it cited by a party").  The whole record "consists of all documents and materials

directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the

agency's position."  *Thompson*, 885 F.2d at 555 (citation omitted) (emphasis in original); *see also

Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (courts must review

"the full administrative record that was before the [agency] at the time [it] made [the] decision").

Therefore, "a complete administrative record should include all materials that might have

influenced the agency's decision and not merely those on which the agency relied in its final decision." *People of State of Cal. ex rel. Lockyer v. U.S. Dep't of Agric.*, 2006 WL 708914, at *2 (N.D. Cal. 2006) (citation omitted).

"In general, any agency's Proposed Administrative Record is 'entitled to a presumption of completeness.'" *Ctr. for Envtl. Health*, 2019 WL 3852493, at *2 (quoting *Sierra Club v. Zinke*, 2018 WL 3126401, at *3 (N.D. Cal. June 26, 2018)). "'Clear evidence' must be presented by the plaintiffs to overcome this presumption." *Id.* (quoting *Gill v. Dep't of Justice*, 2015 WL 9258075, at *5 (N.D. Cal. Dec. 18, 2015)). "'To meet this standard, the plaintiff must identify the allegedly omitted materials with sufficient specificity and identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record.'" *Id.* (quoting *Oceana, Inc. v. Pritzker*, 2017 WL 2670733, at * 2 (N.D. Cal. June 21, 2017) (some internal quotations omitted). The plaintiff need not show bad faith or improper motive to rebut the presumption. *Lockyer*, 2006 WL 708914, at *2.

## IV.   DISCUSSION

### A.   Internal Agency Documents and the Deliberative Process Privilege

Plaintiffs argue Defendants must provide any internal materials concerning their consideration of Plaintiffs' petition or the adoption of a new rule or requirement for such petitions because "it is entirely reasonable to expect that the adjudication of multiple petitions—including a request for evidence and consideration thereof—would generate some internal communications among the various agencies and individuals involved." Mot. at 6. Defendants do not deny they have not provided materials related to internal deliberations, but they argue "deliberative material is not part of the administrative record because it is immaterial as a matter of law." Opp'n at 9. However, the broad definition of the administrative record places all materials "directly or indirectly considered" into the record in the first instance. *Thompson*, 885 F.2d at 555. Thus, "internal materials are part of the 'universe of materials' considered by the agency . . . and must be included in the administrative record unless omitted on the basis of privilege." *Ctr. for Envtl. Health*, 2019 WL 3852493, at *2 (collecting cases and quoting *Inst. for Fisheries Res. v. Burwell*, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendants also assert the deliberative process privilege applies because "compelling

2    production of these materials would necessarily and impermissibly probe the 'mental processes of

3    administrative decisionmakers.'" Opp'n at 10 (quoting *Citizens to Preserve Overton Park*, 401

4    U.S. at 420). The deliberative process privilege "permits the government to withhold documents

5    that reflect advisory opinions, recommendations and deliberations comprising part of a process by

6    which government decisions and policies are formulated." *F.T.C. v. Warner Commc'ns Inc.*, 742

7    F.2d 1156, 1161 (9th Cir. 1984) (citation omitted). "The burden of establishing application of the

8    privilege is on the party asserting it." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118,

9    1122 (N.D. Cal. 2003). And "[i]n addition to showing that withheld documents fall within the

10   claim of privilege, the government must [also] comply with formal procedures necessary to invoke

11   the privilege." *Nat. Res. Def. Council v. Gutierrez*, 2008 WL 11358008, at *7 (N.D. Cal. 2008)

12   ("Blanket assertions of the privilege are insufficient."). As such, Defendants "must make a

13   specific showing establishing the application of a privilege for each document that it contends that

14   it may withhold based on privilege." *Lockyer*, 2006 WL 708914, at *4. "Courts in the Northern

15   District of California have consistently required agencies seeking to assert deliberative process

16   privilege to produce a privilege log." *Ctr. for Envtl. Health*, 2019 WL 3852493, at *3 (citing *Gill*,

17   2015 WL 9258075, at *7) (noting "courts in this district have required parties withholding

18   documents on the basis of the deliberative process privilege to, at a minimum, substantiate those

19   claims in a privilege log")); *In re Clean Water Act Rulemaking*., 2020 WL 6686370, at *1 (N.D.

20   Cal. Nov. 12, 2020) (collecting cases) ("In a challenge to rulemaking under the Administrative

21   Procedure Act, must an agency log documents withheld as deliberative? Despite contrary caselaw

22   in other jurisdictions, in this district we have uniformly answered yes."). Therefore, simply "[b]y

23   withholding documents it believed to be privileged without providing a privilege log, Defendants

24   have failed to provide the 'whole record.'" *Ctr. for Envtl. Health*, 2019 WL 3852493, at *3

25   ("Since the privilege is qualified and litigants may obtain deliberative materials in rare instances, it

26   would be illogical to allow the [government] categorically to withhold documents without

27   identifying them in a privilege log. Compelling the [government] to provide a privilege log turns

28   the deliberative process privilege from a categorical one, as the [government] prefers, to one that

5

United States District Court
Northern District of California

1   is truly "qualified.") (citing *Inst. for Fisheries Res.*, 2017 WL 89003, at *1; *Ctr. for Food Safety v.*

2   *Vilsack*, 2017 WL 1709318 at *3-4 (N.D. Cal. May 3, 2017) ("Because Defendants do not dispute

3   that they have excluded all such documents from the AR on the basis of deliberative process

4   privilege, the Court [found] that the presumption of completeness is rebutted.").

5       Finally, Defendants argue Plaintiffs must point to specific documents or explain why such

6   materials are relevant to this suit.  Opp'n at 8-9.  However, this District's law confirms that "by

7   pointing to the absence of any communications . . ., Plaintiffs have sufficiently identified materials

8   allegedly omitted from the record" and an order compelling supplementation with deliberative

9   materials (or a detailed privilege log) is appropriate.  *See Doe I v. United States Dep't of*

10  *Homeland Sec.*, 2021 WL 3402311, at *3 (N.D. Cal. Aug. 4, 2021), *objections overruled*, 2021

11  WL 5121169 (N.D. Cal. Nov. 2, 2021).  Thus, to the extent Defendants have not provided

12  materials related to internal deliberations, they must produce all such documents or provide a

13  privilege log specifying any documents withheld on the basis of privilege.

14  **B.    Documents Related to Past Adjudications of Similarly Situated Petitions and Explanation for Departures**

15

16      Plaintiffs also seek documents related to past adjudications of similarly situated petitions,

17  asserting that "Defendants have created a wholly new rule and requirement for H-1B visas, as well

18  as departed entirely from its earlier adjudication of other petitioners whose customers may be

19  involved in the state-legal cannabis industries."  Mot. at 6.

20      The APA's "arbitrary and capricious" review requires courts to "engage in a substantial

21  inquiry[,] . . . a thorough, probing, in-depth review."  *Citizens to Preserve Overton Park*, 401 U.S.

22  at 415-16.  The requirement for a complete record, therefore, is especially relevant where a

23  plaintiff alleges that the agency arbitrarily departed from past precedent or practice, for

24  "[w]hatever the ground for the departure from prior norms, . . . it must be clearly set forth so that

25  the reviewing court may understand the basis of the agency's action and so may judge the

26  consistency of that action with the agency's mandate."  *Atchison, T. & S. F. Ry. Co. v. Wichita Bd.*

27  *of Trade*, 412 U.S. 800, 808 (1973); *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm*

28  *Mut. Auto. Ins. Co.*, 463 U.S. 29, 57 (1983) ("[A]n agency changing its course must supply a

6

1   reasoned analysis."); *St. Lawrence Seaway Pilots Ass'n, Inc. v. U.S. Coast Guard*, 85 F. Supp. 3d

2   197, 207 (D.D.C. 2015) (setting aside departure as arbitrary and capricious and affirming that

3   "[w]hen an agency departs from its prior policies or practices, it must acknowledge and explain

4   the departure") (citing *Columbia Broad. Sys., Inc. v. F.C.C.*, 454 F.2d 1018, 1027 (D.C. Cir.

5   1971)).

6        This same requirement for a fully developed record applies equally in disputes where the

7   agency treats similarly situated parties in disparate manners, because "[a]lthough . . . judicial

8   duties demand great deference to agency expertise, [courts] cannot defer . . . [or] even engage in

9   meaningful review, unless [they] are told Which factual distinctions separate arguably similarly

10  situated licensees, and Why those distinctions are important." *Pub. Media Ctr. v. F.C.C.*, 587 F.2d

11  1322, 1331–32 (D.C. Cir. 1978).  As a result, "[a]n agency must provide an adequate explanation

12  to justify treating similarly situated parties differently." *Burlington N. & Santa Fe Ry. Co. v.*

13  *Surface Transp. Bd.*, 403 F.3d 771, 776–77 (D.C. Cir. 2005) (collecting cases).

14       Here, Plaintiffs allege Defendants "[f]ailed to explain or articulate the reasons for

15  departing from past precedent, including . . . other H-1B petitions for non-immigrants employed

16  by companies that provide independent services to customers in the state-legal cannabis industry,"

17  Compl. ¶ 45.b, and applied a novel legal requirement for H-1B visas that constitutes a new

18  substantive rule, *id.* ¶¶ 45.a, 45.c, 46, 49-55.  The Court finds Plaintiffs have identified reasonable,

19  non-speculative grounds for their belief that documents were considered by the agency and not

20  included in the record.  *See J.L. v. Cissna*, 2019 WL 2223803, at *2 (N.D. Cal. May 22, 2019)

21  (granting discovery where plaintiffs "seek documents relating to approvals and denials of SIJ

22  petitions" and "[t]he CAR contains no documents explaining how" the agency began applying "a

23  requirement not previously articulated in the Policy Manual or any pre-guidance documents");

24  *Doe I*, 2021 WL 3402311, at *2 (finding sufficient showing where plaintiffs argued "the complete

25  absence of any mention or explanation for the over three-year delay in adjudicating Doe I's I-485

26  application—more than six times longer than the typical processing time—and subsequent

27  revocation of his I-140 petition, is a prima facie showing of incompleteness of the record.");

28  *Muwekma Ohlone Tribe v. Kempthorne*, 452 F. Supp. 2d 105, 121 (D.D.C. 2006); *Burlington N. &*

7

1  *Santa Fe Ry. Co.*, 403 F.3d at 777 ("Where an agency applies different standards to similarly

2  situated entities and fails to support this disparate treatment with a reasoned explanation and

3  substantial evidence in the record, its action is arbitrary and capricious and cannot be upheld.").

4        Defendants argue Plaintiffs cannot show any particular "record exists, and that

5  [Defendants] considered such documents."  Opp'n at 10.  However, this argument "is the catch-22

6  standard Defendants would like to enforce for rebutting the presumption of regularity." *Doe I*,

7  2021 WL 3402311, at *2 (rejecting the government's argument that plaintiffs must identify

8  specific documents that are absent from the record and finding plaintiffs identified "reasonable,

9  non-speculative grounds for their belief that the documents were considered by the agency and not

10  included in the record.").  Defendants appear to acknowledge that such petitions and records do

11  exist, but they claim those documents are irrelevant because "the agency is not bound" by prior

12  adjudications.  Opp'n at 11.  However, courts in this District have affirmed that "documents that

13  were not relied upon by a decisionmaker, or evidence relating to documents not considered," are

14  still "held to be necessary elements of an administrative record." *Nat. Res. Def. Council*, 2008

15  WL 11358008, at *4.  Indeed, "[t]he law is that the Agency must include in the Administrative

16  Record all information that was before it, regardless of whether it is incorporated in the final

17  decision, or by implication, whether the Agency considered it." *Id.*; *Lockyer*, 2006 WL 708914, at

18  *2 ("a document need not literally pass before the eyes of the final agency decision maker to be

19  considered part of the administrative record.") (quotations and citation omitted).  Thus, as

20  Plaintiffs have brought claims concerning Defendants' departure from past precedent involving

21  other petitions and its potential formation of a new substantive rule, the Court finds that permitting

22  Defendants to omit past petitions they granted and their internal reasoning or explanations for a

23  departure now would leave "a materially incomplete and 'fictional account of the actual

24  decisionmaking process' the Court must review in this case." *Nat. Res. Def. Council*, 2008 WL

25  11358008, at *7 (quoting *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534,

26  1548 (9th Cir. 1993)).

27

28

United States District Court
Northern District of California

8

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion to compel and **DENIES** Defendants' cross-motion for a protective order.  The Court **ORDERS** Defendants to search for and produce as part of the Administrative Record (1) internal deliberative documents concerning the petitions and rule change at issue, or a detailed privilege log identifying any withholdings, and (2) materials concerning past adjudications of similarly situated petitions and any departure from those decisions or their past policy.[2]

**IT IS SO ORDERED.**


Dated: June 27, 2023

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] In their briefing to the Court, Defendants do not advance any argument that locating these materials would be burdensome or difficult.