UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREEZ, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 22-cv-07027-RS<br><br>**ORDER OVERRULING OBJECTION TO DETERMINATION OF THE MAGISTRATE JUDGE** |

Plaintiffs Treez, Inc., and its employee, Ameya Pethe, bring this suit under the Administrative Procedures Act ("APA"), alleging defendants wrongfully denied Pethe's H1-B visa petition. Treez is an enterprise cloud commerce platform that provides software solutions for use by its customers, including state-legal cannabis brands and retailers. In 2021, Treez petitioned USCIS for H-1B status for Pethe, a software developer from India, to work as its Director of Development Operations while residing in the state of Missouri. Although defendants approved Treez's petition in January of 2022, they later denied an amended petition to change the location of Pethe's employment because "the services to be provided by the beneficiary will aid or abet activities related to the manufacture, cultivation, distribution, or possession of marijuana" and according to defendants therefore constitute illegal employment.

As required in actions under the APA, defendants have produced a certified "Administrative Record," that purportedly consists of "all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the

agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (courts must review "the full administrative record that was before the [agency] at the time [it] made [the] decision"). Plaintiffs, however, challenged the completeness of the materials produced. *See Ctr. for Envtl. Health v. Perdue*, 2019 WL 3852493, at *2 (N.D. Cal. May 6, 2019) ("Motions to complete the Administrative Record may be granted where the agency fails to submit the 'whole record.'").

Defendants now object to the order of the assigned magistrate judge requiring them to "search for and produce as part of the Administrative Record (1) internal deliberative documents concerning the petitions and rule change at issue, or a detailed privilege log identifying any withholdings, and (2) materials concerning past adjudications of similarly situated petitions and any departure from those decisions or their past policy." A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc*., 929 F.2d 1404, 1414 (9th Cir.1991). Defendants have made no such showing here, and their objection must be overruled.

(1)  To the extent defendants argue the magistrate judge erred in ordering them to produce "extra-record documents," they misconstrue the order and its rationale. The term "supplementing" arguably is vague, as it might suggest either providing additional documents that always should have been part of the certified record, or providing additional documents that may be considered during APA review under one or more of the "exceptions" set out in *Lands Council v. Powell*, 395 F.3d 1019, 1030, (9th Cir. 2005). Here, however, the order makes clear defendants must search for and produce documents "as part of the Administrative Record," *not* that they are being asked to produce in discovery "extra-record documents," because of any potential relevance under a *Lands Council* exception. Accordingly, defendants' arguments that plaintiffs failed to establish a *Lands Council* exception are not germane.

(2) Defendants contend the magistrate judge failed to apply "the recognized presumption of regularity and completeness that attaches to certified administrative record." To the contrary,

CASE NO. 22-cv-07027-RS

2

the magistrate judge's order specifically acknowledged that presumption, Order at 4:4-13 (Dkt. No. 45), and provided a well-reasoned explanation of how plaintiffs had rebutted it. *See* Order at 4:20-24 ("Defendants do not deny they have not provided materials related to internal deliberations, but they argue 'deliberative material is not part of the administrative record . . . .' However, the broad definition of the administrative record places all materials 'directly or indirectly considered' into the record in the first instance."); *see also Order* at 5:22-6:24 and cases cited therein for the proposition that defendants' acknowledged withholding of documents allegedly reflecting deliberations, absent production of privilege log, rebuts presumption of completeness; *see also Order* at 7:18-8:26 explaining why, with respect to documents related to other petitions, "The Court finds Plaintiffs have identified reasonable, non-speculative grounds for their belief that documents were considered by the agency and not included in the record."

Defendants also rely on *California v. DHS*, 612 F. Supp. 3d 875, 891 (N.D. Cal. 2020) and *People of State of Cal. ex rel. Lockyer v. U.S. Dep't of Agric.*, 2006 WL 708914, at *2 (N.D. Cal. Mar. 16, 2006), for the proposition that even where a plaintiff succeeds in rebutting the presumption of completeness, it must still show that the information it seeks falls within one of the "narrow exceptions" of *Lands Council*. That simply is a misstatement of law—the *Lands Council* exceptions relate to material outside the administrative record that may nonetheless be considered in an APA action, under appropriate circumstances. What is properly part of the complete administrative record is an entirely separate question. Although *California v. DHS* addressed both issues, nothing in its discussion or holding suggests that production of materials omitted from the administrative record may only be compelled if they *also* would be appropriate for consideration as extra-record evidence under a *Lands Council* exception. *Ex rel. Lockyer* addressed only a challenge to completeness of the record, and imposed no requirement to establish a *Lands Council* exception for documents that are properly part of the "full administrative record."

(3) Defendants contend they cannot be compelled to submit documents relating to "past adjudications of similarly situated petitions and any departure from those decisions or their past policy" because there is no "clear evidence" they considered such materials when deciding the

1  petition here. The magistrate judge's explanation as to why any such materials are appropriately
2  considered as part of the administrative record is compelling and neither clearly erroneous nor
3  contrary to law. *See* Order at 6:16-8:26. Again, defendants' additional argument that plaintiffs
4  must *also* establish an applicable *Lands Council* exception is without merit.

5  (4) Finally, defendants object to producing internal deliberative documents or a privilege
6  log for such materials. To the extent defendants argue such documents are not properly part of the
7  administrative record, the magistrate judge set out the case law in this district that rejects that
8  view. Defendants' repeated assertion that a *Land Council* exception is required again fails.

**IT IS SO ORDERED**.

Dated: July 28, 2023

_____
RICHARD SEEBORG
Chief United States District Judge