UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TREEZ, INC., et al.,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

Case No. 22-cv-07027-RS

**SCHEDULING ORDER**

A bench trial in this action under the Administrative Procedures Act is set for November 13, 2024, at 1:30 p.m., as provided in Dkt. No. 59. As reflected in that order and prior case management orders, the parties are expected to proceed by way of cross-motions for summary judgment, to be heard on the date set for trial. Absent unusual circumstances, the "trial" will consist of attorney argument on the cross-motions, and will not include live witness testimony.

The operative briefing schedule set out in Dkt. No. 59 is:

> Plaintiffs' Motion for Summary Judgment: September 18, 2024
> Defendants' Opposition and Cross-Motion: October 2, 2024
> Plaintiffs' Reply and Opposition: October 16, 2024
> Defendants' Reply, if any: October 23, 2024

Plaintiffs timely filed their motion for summary judgment on September 18, 2024. They noticed it, however, for a hearing date in October, and included a briefing schedule in the docket entry that is inconsistent with the operative schedule set out above. The putative October hearing date is hereby vacated, and briefing and hearing on the cross-motions—*i.e.*, the bench trial—shall

proceed as previously scheduled.

The court has been advised that an order is forthcoming from the assigned magistrate judge requiring defendants to show cause before the undersigned why they should not be adjudged in civil contempt. That matter shall be set for hearing on the date and at the time of the bench trial.

Plaintiffs appear to be contending that the administrative record remains incomplete. Their motion for summary judgment, however, is premised on a contention that they are entitled to relief even on the existing state of the record. If plaintiffs prevail on that point, the issue of whether defendants must further supplement the administrative record likely will be moot.[1] If the existing administrative record does not compel a ruling in plaintiffs' favor, the court will then address the issue of further supplementation.

**IT IS SO ORDERED**.

Dated: September 26, 2024

RICHARD SEEBORG
Chief United States District Judge

---

[1] The issue of potential sanctions, however, likely would not be moot.