United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TREEZ, INC., et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No. 22-cv-07027-RS

**ORDER RE ADMINISTRATIVE RECORD**

By separate order, plaintiffs' motion for summary judgment has been granted and defendants' cross motion has been denied. This order addresses (1) the magistrate judge's order directing defendants to show cause before the undersigned why they should not be held in contempt, and (2) plaintiffs' challenge to the magistrate judge's conclusion that monetary sanctions against defendants are not available.

*Order to show cause re contempt*

The magistrate judge issued extensive factual findings that the government repeatedly and without adequate justification failed to comply with orders requiring the government to search for documents to produce as part of the Administrative Record. *See* Dkt. No. 94. ("The undersigned finds Defendants did not take all reasonable steps within their power to comply with the Court's June 2023 Order. Nor do Defendants' actions appear to have been taken in good faith or based on a reasonable interpretation of the Court's order.") In the same order, the magistrate judge required

further supplementation of the administrative record.

A magistrate judge may investigate whether contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge. 28 U.S.C. § 636(e)(6); *see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). "The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge. 28 U.S.C. § 636(e)(6)(B)(iii). Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt." *Bingman v. Ward*, 100 F.3d 653, 656–57 (9th Cir. 1996).

Defendants filed no response specifically addressing the magistrate judge's recommendation for an order of contempt. Instead, defendants only requested to stay that portion of the magistrate judge's order requiring further supplementation of the administrative record.[1]

The magistrate judge's findings that defendants repeatedly failed to comply with court orders without justification are supported by the record and are adopted here. That said, the magistrate judge recommended only "coercive civil contempt," which requires a purge condition. Here, the purge condition would have been that defendants complied with the provisions of the magistrate judge's order requiring further supplementation of the administrative record. In light of the order granting summary judgment in favor of plaintiffs, the question of whether the administrative record should be further supplemented is now moot. Accordingly, the order to show cause is discharged, and defendants are relieved from the obligation to locate and submit any additional documents as part of the administrative record.

[1] Defendants' request for a stay of the magistrate judge's order should have been presented to the magistrate judge in the first instance, as it was not a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge," governed by Civil Local Rule 72-2. Nothing in this order condones defendants' unilateral decision to delay complying with the magistrate judge's orders.

United States District Court
Northern District of California

*Monetary sanctions*

Plaintiffs challenge the magistrate judge's conclusion that monetary sanctions may not be imposed against the government where there are disputes as to the contents of the administrative record in APA actions. The magistrate judge questioned whether sanctions under Rule 37 of the Federal Rules of Civil Procedure were available, particularly in light of the referral order stating plaintiffs' motion seeking supplementation of the administrative record was "not a discovery matter, per se." *See* Dkt. No. 39. The magistrate judge's caution in assessing the court's power to assess monetary sanctions against the government was appropriate. Nevertheless, the referral order's characterization of the administrative record dispute as not being a "discovery matter, per se," should not be seen as a conclusion that the government is immune from sanctions under Rule 37 and/or under the court's inherent powers to control the proceedings. Nor does the fact that the defendants have now been relieved from the obligation to supplement the administrative record excuse any prior failure to comply with court orders, or automatically preclude imposing sanctions for such failures.

Accordingly, plaintiffs' request for monetary sanctions is referred again to the magistrate judge to consider anew whether any monetary sanctions are warranted, and if so, in what amount. The magistrate judge may solicit such further briefing as he deems appropriate, if any. In the event no order for further briefing issues, the magistrate judge may decide the monetary sanctions issue in due course.

**IT IS SO ORDERED**.

Dated: December 3, 2024

RICHARD SEEBORG
Chief United States District Judge